# EXHIBIT 1

6/9/2026 12:05 PM
26CV25749

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

S.S. a pseudonym,

       Plaintiff,

       vs.

STATE OF OREGON, by and through its
Department of Human Services, RED ROCK
CANYON SCHOOL, L.L.C., a limited liability
company, RED ROCK CANYON SCHOOL
NON-PROFIT ORGANIZATION, a foreign
nonprofit; SEQUEL TSI HOLDINGS, LLC, a
foreign limited liability company; SEQUEL
YOUTH AND FAMILY SERVICES, LLC, a
foreign limited liability company; VIVANT
BEHAVIORAL HEALTHCARE, LLC, a foreign
limited liability company; SEQUEL YOUTH
SERVICES OF RED ROCK CANYON, LLC, a
foreign limited liability company. MARILYN
JONES in her individual and official capacity;
JANA MCLELLAN, in her individual and official
capacity; GLENDA MARSHALL in her individual
and professional capacity; RYAN SANTI, in his
individual and official capacity; GENA PALM, in
her individual and professional capacity; and
JOHN STUPAK, in his individual and official
capacity.

       Defendants.

Case No.: 26CV25749

SUMMONS

TO:   STATE OF OREGON
       ATTORNEY GENERAL DAN RAYFIELD
       1162 COURT ST. NE
       SALEM, OR 97301-3777

***CONTINUED ON NEXT PAGE***

-SUMMONS

Exhibit 1 Page 1 of 35

**YOU ARE HEREBY REQUIRED** to appear and defend the complaint filed against you in the above-entitled cause within thirty (30) days from the date of service of this Summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for relief demanded in the complaint.

*NOTICE TO THE DEFENDANT:*
*READ THESE PAPERS CAREFULLY!*

You must "appear" in this case, or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the Plaintiff's attorney or, if the Plaintiff does not have an attorney, proof of service on the Plaintiff.

**SIGNED ATTORNEY FOR PLAINTIFF**

Jeremiah V. Ross          105980
Attorney Name             Bar No.
Ross Law L.L.C.
50 SW Pine St. #402
Portland, OR 97204

**If you have questions, you should contact an attorney immediately**. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636, or online at www.oregonstatebar.org.

I, the undersigned attorney of record for Plaintiff, certify that the foregoing is an exact and complete copy of the original Summons and Complaint in the above-entitled action.

Attorney of Record for Plaintiff

ROSS LAW LLC
50 SW PINE ST. #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

-SUMMONS

Exhibit 1 Page 2 of 35

6/11/2026 11:39 AM
26CV25749

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

S.S. a pseudonym,

      Plaintiff,

      vs.

STATE OF OREGON, by and through its Department of Human Services, RED ROCK CANYON SCHOOL, L.L.C., a limited liability company, RED ROCK CANYON SCHOOL NON-PROFIT ORGANIZATION, a foreign nonprofit; SEQUEL TSI HOLDINGS, LLC, a foreign limited liability company; SEQUEL YOUTH AND FAMILY SERVICES, LLC, a foreign limited liability company; VIVANT BEHAVIORAL HEALTHCARE, LLC, a foreign limited liability company; SEQUEL YOUTH SERVICES OF RED ROCK CANYON, LLC, a foreign limited liability company. MARILYN JONES in her individual and official capacity; JANA MCLELLAN, in her individual and official capacity; GLENDA MARSHALL in her individual and professional capacity; RYAN SANTI, in his individual and official capacity; GENA PALM, in her individual and professional capacity; and JOHN STUPAK, in his individual and official capacity.

      Defendants.

Case No.: 26CV25749

SUMMONS

TO:   **JANA MCLELLAN**
      7627 SE 32ND AVE,
      PORTLAND, OR 97202-8550

***CONTINUED ON NEXT PAGE***

-SUMMONS

ROSS LAW LLC
50 SW PINE ST. #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 3 of 35

**YOU ARE HEREBY REQUIRED** to appear and defend the complaint filed against you in the above-entitled cause within thirty (30) days from the date of service of this Summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for relief demanded in the complaint.

*NOTICE TO THE DEFENDANT:*
*READ THESE PAPERS CAREFULLY!*

You must "appear" in this case, or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the Plaintiff's attorney or, if the Plaintiff does not have an attorney, proof of service on the Plaintiff.

**If you have questions, you should contact an attorney immediately**. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636, or online at www.oregonstatebar.org.

I, the undersigned attorney of record for Plaintiff, certify that the foregoing is an exact and complete copy of the original Summons and Complaint in the above-entitled action.

_____
**SIGNED ATTORNEY FOR PLAINTIFF**

Jeremiah V. Ross          105980
Attorney Name             Bar No.
Ross Law L.L.C.
50 SW Pine St. #402
Portland, OR 97204

_____
Attorney of Record for Plaintiff

-SUMMONS

ROSS LAW LLC
50 SW PINE ST. #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 4 of 35

Verified Correct Copy of Original 5/22/2026.

FILED MULTNOMAH CO CIRCUIT CT '26 MAY 22 AM 9:25

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

S.S., proceeding under a pseudonym,

Plaintiff,

vs.

STATE OF OREGON, by and through its Department of Human Services, RED ROCK CANYON SCHOOL, L.L.C., a limited liability company, RED ROCK CANYON SCHOOL NON-PROFIT ORGANIZATION, a foreign nonprofit; SEQUEL TSI HOLDINGS, LLC, a foreign limited liability company; SEQUEL YOUTH AND FAMILY SERVICES, LLC, a foreign limited liability company; VIVANT BEHAVIORAL HEALTHCARE, LLC, a foreign limited liability company; SEQUEL YOUTH SERVICES OF RED ROCK CANYON, LLC, a foreign limited liability company. MARILYN JONES in her individual and official capacity; JANA MCLELLAN, in her individual and official capacity; GLENDA MARSHALL in her individual and professional capacity; RYAN SANTI, in his individual and official capacity; GENA PALM, in her individual and professional capacity; and JOHN STUPAK, in his individual and official capacity.

Defendants.

Case No. 26CV25749

COMPLAINT
(Negligence-Foster Child & Civil Rights Violations)

DAMAGES NOT TO EXCEED-$2,150,000.

CLAIM NOT SUBJECT TO MANDATORY ARBITRATION

DEMAND FOR JURY TRIAL

Filing Fee Pursuant: 21.160 (c)

Plaintiff, S.S. ("Plaintiff") alleges:

1.

This claim is not subject to mandatory arbitration due to the amount of the prayer.

COMPLAINT – Page 1

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 5 of 35

Verified Correct Copy of Original 5/22/2026.

2.

The Department of Human Services ("DHS") is a duly authorized agency of Defendant State of Oregon, which is responsible for the delivery and administration of programs and services to Oregon's foster children and to provide for their safety and welfare while the foster children are in the State of Oregon's legal custody. Defendant DHS is legally responsible for all acts and omissions of DHS agents, contractors, subcontractors, and their employees, when undertaken while acting under DHS authority.

3.

Red Rock Canyon School, LLC was a limited liability company with its principal place of business in Utah. Red Rock Canyon School, LLC is legally responsible for all acts and omissions of Red Rock Canyon School, LLC's subsidiaries, agents, contractors, subcontractors, and their employees, when undertaken while acting under the authority of Red Rock Canyon School, LLC.

4.

Red Rock Canyon School Non-Profit Organization is a limited liability company with its principal place of business in Utah. Red Rock Canyon School Non-Profit Organization is legally responsible for all acts and omissions of Red Rock Canyon School Non-Profit Organization's agents, contractors, subcontractors, and their employees, when undertaken while acting under the authority of Red Rock Canyon School Non-Profit Organization.

5.

Sequel Youth Services of Red Rock Canyon, LLC is a limited liability company with its principal place of business in Alabama. Sequel Youth Services of Red Rock Canyon, LLC is legally responsible for all acts and omissions of Sequel Youth Services of Red Rock Canyon, LLC subsidiaries, agents, contractors, subcontractors, and their employees, when undertaken while acting under the authority of Sequel Youth Services of Red Rock Canyon, LLC.

COMPLAINT – Page 2

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 6 of 35

Verified Correct Copy of Original 5/22/2026.

6.

Upon information and belief, Sequel TSI Holdings, LLC and Sequel Youth and Family Services, LLC (collectively "Sequel") both conducted business as Sequel Youth and Family Services and are limited liability companies with their principal place of business in Huntsville, Alabama, and manage Sequel Youth Services of Red Rock Canyon, LLC, Red Rock Canyon School Non-Profit Organization, and Red Rock Canyon School. Sequel is legally responsible for all acts and omissions of its subsidiaries, agents, contractors, subcontractors, and their employees, when undertaken while acting under the authority of Red Rock Canyon School Non-Profit Organization and/or Red Rock Canyon School, LLC.

7.

Upon information and belief, Vivant Behavioral Health Services, LLC ("Vivant") is an Alabama Limited Liability Corporation that merged with Defendant Sequel Youth and Family Services, LLC and does business as Sequel Youth and Family Services. Upon information and belief, Vivant, through Sequel Youth and Family Services and Sequel TSI Holdings, LLC, owns, manages, and operates Sequel Youth Services of Red Rock Canyon, LLC, Red Rock Canyon School Non-Profit Organization, and Red Rock Canyon School, LLC. Sequel is legally responsible for all acts and omissions of its subsidiaries, agents, contractors, subcontractors, and their employees, when undertaken while acting under the authority of Vivant and/or Sequel Youth and Family Services. Unless otherwise specified, Vivant, Sequel TSI Holdings, LLC, Sequel Youth Services of Red Rock Canyon, LLC, Red Rock Canyon School Non-Profit Organization, and Red Rock Canyon School, LLC will be referred to as "Red Rock Management."

8.

At all times material, Marilyn Jones ("Jones") was the Oregon Child Welfare Director for the Oregon Department of Human Services and was acting under the color of Oregon Law.

COMPLAINT – Page 3

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 7 of 35

Verified Correct Copy of Original 5/22/2026.

Jones was responsible for the safety and welfare of Oregon's foster children, including S.S., at Red Rock, and ensuring Red Rock was operated in accordance with Oregon Law and Oregon DHS policies. She is being sued in her individual and professional capacity.

9.

At all times material, Jana McLellan ("McLellan") was acting under the color of Oregon Law and was Deputy Child Welfare Director for the Oregon Department of Human Services. McLellan was responsible for the safety and welfare of Oregon's foster children, including S.S., at Red Rock Canyon School, and ensuring Red Rock Canyon School was operated in accordance with Oregon Law and Oregon DHS policies. She is being sued in her individual and professional capacity.

10.

Glenda Marshall ("Marshall") was a resource liaison and consultant for Oregon's Child Protective Services. Marshall's responsibility was to ensure that while housing Oregon Foster Children, Red Rock Canyon School was operated in accordance with Oregon Law and that the Oregon foster children housed at Red Rock Canyon School were safe and were not physically or emotionally abused. She is being sued in her individual and professional capacity.

11.

Ryan Santi was a Sequel Vice President acting on behalf of the State of Oregon to provide for the safety, general welfare, and education for Oregon foster children, including S.S., and was responsible for ensuring that Red Rock Canyon School was operated in accordance with Oregon Law and Oregon DHS policies and to ensure that Oregon foster children, including S.S., were housed in a safe environment and not subjected to mental or physical abuse. He is being sued in his individual and professional capacity.

COMPLAINT – Page 4

Verified Correct Copy of Original 5/22/2026.

12.

Gena Palm was the Sequel Executive Director acting on behalf of the State of Oregon to provide for the safety, general welfare, and education of Oregon foster children, and was responsible for ensuring that Red Rock Canyon School was operated in accordance with Oregon Law and Oregon DHS policies and to ensure Oregon foster children, including S.S., were housed in a safe environment and not subjected to mental or physical abuse. She is being sued in her individual and professional capacity.

13.

John Stupak was the Executive Vice President and Chief Administrative Officer at Sequel Youth and Family Services acting on behalf of the State of Oregon to provide for the safety, general welfare, and education that was responsible for ensuring Red Rock Canyon School was operated in accordance with the Contract with Oregon DHS, Oregon Law, the Oregon foster children housed at Red Rock Canyon School were safe. He is being sued in his individual and professional capacity.

14.

S.S. is proceeding under a pseudonym. At all times material S.S. was a minor in the legal custody of the State of Oregon under the authority of ORS 419B.100, ORS 419B.150, *et seq.* S.S. was 13-16 years old when she was housed at Red Rock.

15.

This matter is timely, as the actions alleged in this Complaint constitute Child Abuse under ORS 12.117. Additionally, the acts and omissions in this Complaint allege that Defendants allowed the abuse to occur. Moreover, S.S. was unaware of the causal connection between Defendants' combined acts and omissions that caused her child abuse. Therefore, this matter is timely under ORS 12.117.

COMPLAINT – Page 5

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 9 of 35

Verified Correct Copy of Original 5/22/2026.

16.

At all material times, Red Rock Canyon School was a facility that housed youth located at 747 E. St. George Blvd in St. George, Utah. The aforementioned facility was a former motel with a large fence encircling it, and it's purpose to provide residential care and services for youth in DHS foster care and other youth. Hereinafter, the home is referred to as "Red Rock."

17.

At all times material, Red Rock's management held Red Rock out to the public as a co-ed residential center to house youth. Red Rock Management held itself out to the public as being able to provide care for youth beyond what a traditional foster care home would provide. This resulted in States throughout the country, including Oregon, housing youth with various backgrounds, including violent youth and youth addicted to illegal substances at Red Rock.

18.

From 2017 to 2019 local law enforcement had been called to Red Rock 72 times.

19.

At all material times the State of Oregon contracted with Red Rock Management to house S.S. and other youth from Oregon at Red Rock. Defendants Jones, McLellan, and Marshall were aware that the contract for services mandated Oregon foster children to be cared for in accordance with Oregon law.

20.

Through its contract with Red Rock Management, DHS, Jones, McLellan, and Marshall attempted to defer to Red Rock Management their legal obligations to provide for the safety, welfare, and education of Oregon's foster children housed at Red Rock, including S.S.

21.

S.S. has ties to Columbia County and has been in and out of the legal custody of DHS throughout her life. DHS has placed S.S. in various foster homes and facilities, including Red

COMPLAINT – Page 6

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 10 of 35

Rock, throughout her life. S.S. has severe and ongoing psychological, behavioral, and emotional challenges that are a result of the unstable living environments she has endured throughout her life. These challenges were aggravated by the failures and actions of the Defendants, as alleged in this Complaint.

22.

DHS, Jones, McLellan, and Marshall have a special relationship with S.S. as a result of DHS having the legal custody of S.S. As a result, DHS, Jones, McLellan, and Marshall were state actors acting under the color of Oregon Law, and owed duties to her as a foster child under the United States Constitution, federal law, Oregon Law, Oregon administrative rules, and the professional standard of care for Oregon child welfare providers as alleged below.

23.

Red Rock Management and employees, including Stupak, Santi, and Palm, have a special relationship with S.S. as a result of DHS having the legal custody of S.S. and contracting with Red Rock Management to provide for the safety, welfare, housing, and education of Oregon foster children, including S.S., at Red Rock. As a result, Red Rock Management, Stupak, Santi, and Palm were state actors acting under the color of Oregon Law and owe duties to S.S. as a foster child under the United States Constitution, federal law, Oregon Law, Oregon administrative rules, and the professional standard of care for Oregon child welfare providers as alleged in this Complaint.

24.

The United States Constitution's due process clause imposes duties on DHS and child welfare providers acting on DHS's behalf that include, but are not limited to:

a) Ensuring that each child placed in foster care receives the services necessary to ensure their physical, mental, and emotional well-being in the least restrictive environment.

COMPLAINT – Page 7

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 11 of 35

Verified Correct Copy of Original 5/22/2026.

_Verified Correct Copy of Original 5/22/2026._

Exhibit 1 Page 12 of 35

_Verified Correct Copy of Original 5/22/2026._

38.

Youth at Red Rock had to shower with the bathroom door open. There were often no shower curtains in the open showers. In the event there were not sufficient female staff members for the female rooms, male staff would be tasked with observing the nude female youth in the showers, including S.S.

39.

Red Rock staff would provide S.S. with prescription medication pills that S.S. was not prescribed.

40.

During her confinement at Red Rock, S.S. became aware that a staff member had impregnated a student. S.S. also witnessed male staff taking female youth into the "movie theater" area to spend time in private when that area was closed to other students.

41.

As alleged above, between May 2018 and May 2019, S.S. was engaged in self-harming behavior that created wounds on her arms. Red Rock staff slapped and hit those wounds as punishment for her engaging in self-harming behavior.

42.

In July 2018, S.S.'s father informed DHS that Red Rock was currently in litigation with a student for failing to protect the student from sexual predators.

43.

In July 2018, S.S. was punished by putting her in a closet-type room alone for 30 minutes.

44.

In July 2018, S.S. was physically unlawfully restrained for 10 minutes by multiple staff members who used physical force to put her in a pain restraint to prevent her from moving.

COMPLAINT – Page 13

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 13 of 35

Verified Correct Copy of Original 5/22/2026.

45.

In August 2018, multiple staff members put S.S. in a pain restraint to immobilize her while she was being forced into the isolation cell. She was then left in the isolation cell for a substantial period of time.

46.

In August 2018, staff pulled S.S.'s hair as punishment while placing S.S. in a pain restraint.

47.

In August 2018, S.S. reported to a therapist that she did not feel safe at Red Rock.

48.

In September 2018, S.S. observed several peers in a physical fight. This was common during her confinement at Red Rock.

49.

In September 2018, S.S. engaged in open self-harming behavior, such as scratching her wrist with an object. Shortly thereafter, staff placed S.S. in a pain restraint and placed her in isolation.

50.

In September 2018, S.S.'s father again expressed his serious concerns for S.S.'s welfare at Red Rock and put DHS on notice that a lawsuit would be filed if S.S. was harmed while at Red Rock.

51.

In September 2018, S.S. disclosed to a counselor that she did not feel safe at Red Rock, and that staff assaulted students and pushed them into walls.

52.

COMPLAINT – Page 14

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 14 of 35

In October 2018, S.S.'s counselor reported to DHS that S.S. was not doing well at Red Rock and she needed to be on all restrictions, including suicide watch. S.S. reported to her therapist that Red Rock was creating additional stress for her and that she was sent to isolation due to her self-harm and depression. She requested to know when she would be released from Red Rock.

53.

In November 2018, S.S. informed a counselor that she did not feel safe around Red Rock staff. During this time, S.S. was also engaging in frequent self-harming behavior and carving letters into her forearm.

54.

In December 2018, S.S. engaged in frequent self-harming behavior and carved letters into her forearm. S.S. was placed in a pain restraint by staff on several occasions.

55.

In January 2019, S.S. was punched in the face by another youth at Red Rock.

56.

In January 2019, S.S. observed a physical fight between students and a staff member.

57.

In January 2019, S.S. reported that she was not doing well and that another student threatened to slit S.S.'s throat.

58.

In January 2019, Marilyn Jones and Jana McLellan acknowledged in communications that the State of Oregon was unable to adequately monitor and track Oregon foster children, such as S.S., who were placed in out-of-state facilities, such as Red Rock, to ensure their safety.

59.

COMPLAINT – Page 15

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 15 of 35

Verified Correct Copy of Original 5/22/2026.

In February 2019, Glenda Marshall became aware of a news report regarding a facility managed by Red Rock Management that was under investigation by Disability Rights Washington for overly restrictive physical restraints, and policies, training, and oversight that did not protect youth against abusive physical restraint. Upon learning of the abuse, Washington officials removed their foster children. In response to the Disability Rights of Washington Report, Marshall sent an email to Red Rock management noting "We just wanted to inform you that this afternoon, despite our request to keep this information confidential, the media here in Oregon was given a list of programs where Oregon youth are placed for treatment in other states." Marshall, Jones, and McLellan did not make an effort to remove S.S. from Red Rock.

60.

In March 2019, DHS sent a caseworker to visit with S.S. and other Red Rock students in the legal custody of the State of Oregon. This was the last visit with S.S. before she was removed in May 2019.

61.

In or around April 2019, S.S. was "smashed into a wall" multiple times by a staff member, causing bruising. She also began self-harming and cutting herself on her neck, forearm, and ankles.

62.

On April 30, 2019, a staff member engaged in a physical fight with several students in the same unit that S.S. was assigned to. The fight escalated into a large violent melee between staff and students. Bricks, rocks, and a toilet seat were used as weapons. Staff members choked youth until they were unconscious. Law Enforcement was called, and eventually the Special Weapons and Tactics (SWAT) team responded and entered the school. Armed with automatic weapons, the SWAT team swept each room in the unit and zip-tied every student's arms behind their backs, including S.S.'s.

COMPLAINT – Page 16

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 16 of 35

Verified Correct Copy of Original 5/22/2026.

63.

In April 2019 an Oregon State Senator sent an email that was communicated to Jones, McLellan, and Marshall informing Oregon DHS that Idaho refused to house foster children at a facility managed by Red Rock management due to safety concerns for the foster children. Within hours of receiving that email, Marshall forwarded it to a marketing executive working for Red Rock management. Jones, McLellan, and Marshall did not immediately remove S.S. from Red Rock Canyon School.

64.

On or about May 1, 2019, Oregon DHS officials went to Red Rock and met with Oregon foster children and noted the children were still very escalated from the riot.

65.

On May 9, 2019 the State of Utah's Department of Human Services restricted Red Rock Canyon School's licenses to conditional status because: 1) It had determined Red Rock Canyon School's staffing ratios were unlawful and led to violence at Red Rock Canyon School; 2) Staff had worked at Red Rock Canyon School after expiration of their background screening; 3) Red Rock Canyon School failed to report the April 28, 2019 riot to Utah officials until May 1, 2019; 4) Red Rock Canyon School made humiliating and degrading comments to residents of the program; 5) Red Rock Canyon School was permitting students to "restrain" other students; 6) Red Rock Canyon school was permitting its staff to mistreat, abuse, and disrespect students.

66.

In May 2019, Jones, Marshall, and McLellan were aware of the April 2019 Red Rock Riot, and that Utah State and Washington State removed all of their foster children from Red Rock due to concerns that foster children were not safe. S.S. was not immediately removed.

67.

COMPLAINT – Page 17

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 17 of 35

Verified Correct Copy of Original 5/22/2026.

Verified Correct Copy of Original 5/22/2026._

While S.S. was residing at Red Rock, Oregon DHS caseworkers did not have a face-to-face visit with S.S. every 30 (thirty) days.

68.

While S.S. was residing at Red Rock, S.S. was a victim of routine physical bullying by other residents, she was subjected to verbal and psychological abuse from other residents and staff, and she witnessed violent altercations between students and between students and staff.

69.

While S.S. was residing at Red Rock, she was aware of adult Red Rock staff having physical relationships with minors housed at Red Rock.

70.

While S.S. was residing at Red Rock, she was aware Red Rock staff were providing the minors housed at Red Rock with prescription pills that were not prescribed to the minors.

71.

On May 29, 2019, without any warning, S.S. was flown from St. George, Utah to Portland, Oregon. in Multnomah County and driven to Eugene, Oregon, to reside in a youth shelter.

72.

In addition to the physical harms and losses as described above, as a result of the events described above S.S. suffered from fear, isolation, anger, frustration, confusion, loss of trust, sleeplessness, embarrassment, restlessness, and aggravated her ability to deal with stressors in her environment, and loss of educational opportunities.

**FIRST CLAIM FOR RELIEF**
**NEGLIGENCE**
*(AGAINST DHS AND RED ROCK MANAGEMENT)*

Plaintiff re-incorporates paragraphs 2-72 above for each count below.

**COUNT 1 AGAINST DHS**

COMPLAINT – Page 18

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 18 of 35

Verified Correct Copy of Original 5/22/2026.

73.

At all times S.S. had a legally protected interest to be free from physical and emotional distress injury described in this Complaint, because the Court had ordered DHS to be her legal guardian, Oregon law imposes duties, as mentioned in this Complaint, on DHS to provide for the safety and well-being of foster children such as S.S., and DHS holds itself out to the public as an agency that will provide for the safety and well-being of children in its legal custody.

74.

S.S.'s physical and emotional injury, as alleged in this Complaint, is a result of DHS' individual and/or combined negligent conduct through the actions and/or inactions of its employees and/or agents, including Red Rock Management. More specifically, DHS was negligent in one or more of the following manners:

(a) Defendant DHS was negligent in placing S.S. into Red Rock, when it knew or should have known, that Red Rock hired or retained staff who were not qualified to safely manage students.

(b) Defendant DHS was negligent in placing S.S. into Red Rock, when it knew or should have known, that Red Rock hired or retained staff who were not qualified to physically restrain students.

(c) Defendant DHS was negligent in placing S.S. into Red Rock, when it knew or should have known, that Red Rock failed to adequately train and supervise staff to keep children, such as S.S., safe.

(d) Defendant DHS was negligent in placing S.S. into Red Rock, when it knew or should have known, that Red Rock failed to have an adequate number of staff members to care for S.S.'s safety and well-being.

COMPLAINT – Page 19

Verified Correct Copy of Original 5/22/2026.

(e)  Defendant DHS was negligent in placing S.S. into Red Rock, when it knew or should have known, that Red Rock failed to have an adequate number of staff trained to intervene to de-escalate physical confrontations.

(f)  Defendant DHS was negligent in placing S.S. into Red Rock, when it knew or should have known, that Red Rock failed to prevent children from physically assaulting or restraining other children.

(g)  Defendant DHS was negligent in placing S.S. into Red Rock, when it knew or should have known, that Red Rock allowed or failed to prevent staff from emotionally and physically abusing children, such as S.S.

(h)  DHS was negligent in failing to address S.S.'s acute mental health issues.

(i)  Defendant DHS was negligent in placing S.S. into Red Rock, when it knew or should have known, that Red Rock was failing to provide detailed reports of incidents involving physical harm or restraint of S.S.

(j)  Defendant DHS failed to follow Oregon Law and Administrative Rules in certification and re-certification of Red Rock Management to care for foster children, such as S.S.

(k)  Defendant DHS knew, or should have known, they were unable to adequately monitor S.S. in Utah to ensure Red Rock was providing for the safety, care, treatment, and education of S.S.

(l)  Defendant DHS failed to monitor Red Rock by regularly visiting the facility.

(m)  Defendant DHS failed to monitor Red Rock by failing to have Oregon DHS caseworkers have face-to-face visits with S.S. every thirty days.

(n)  Defendant DHS failed to monitor the group home by failing to have caseworkers and/or certifiers have face-to-face visits with the group home employees every thirty days.

COMPLAINT – Page 20

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 20 of 35

Verified Correct Copy of Original 5/22/2026.

(o)    After the April 2019 riot, Defendant DHS was negligent for not immediately removing S.S. from the group home once it had concerns about Red Rock posing a threat to her safety and well-being.

## COUNT 2 AGAINST RED ROCK MANAGEMENT

75.

At all times S.S. had a legally protected interest to be free from physical and emotional-injuries described in this Complaint, because the Court had permitted Red Rock Management to house S.S., Oregon Law imposes duties on foster care providers such as Red Rock Management to provide for the safety and well-being of foster children such as S.S., and Red Rock contracted with DHS to provide for foster children, such as S.S., a safe living environment.

76.

S.S.'s physical and emotional harm as alleged in this Complaint is a result of Red Rock Management's individual and/or combined negligent conduct through the actions and/or inactions of its employees and/or agents. More specifically, Red Rock Management was negligent in one or more of the following manners:

(a)    Red Rock Management hired or retained staff who were not qualified to safely manage students.

(b)    Red Rock Management hired or retained staff who were not qualified to physically restrain students.

(c)    Red Rock Management failed to hire and/or adequately train and supervise staff to keep children, such as S.S., safe.

(d)    Red Rock Management failed to have an adequate number of staff members to care for S.S.'s safety and well-being.

COMPLAINT – Page 21

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 21 of 35

Verified Correct Copy of Original 5/22/2026._

(e)     Red Rock Management failed to have an adequate number of staff trained to intervene to de-escalate physical confrontations.

(f)     Red Rock Management failed to prevent children from physically assaulting or restraining other children.

(g)     Red Rock Management provided S.S. unprescribed medication to manage mental health issues.

(h)     Red Rock Management failed to address S.S.'s concerns for her safety and well being.

(i)     Red Rock Management failed to address S.S.'s acute mental health issues in a professionally acceptable manner.

(j)     Red Rock Management allowed or failed to prevent staff from emotionally and physically abusing and exposing children to unlawful activity as described in this Complaint to children, such as S.S.

(k)     Red Rock Management failed to provide detailed reports of incidents involving physical harm or restraint of S.S.

## COUNT 3 NEGLIGENCE *PER SE* AGAINST DHS

77.

Defendant DHS was negligent *per se* for violating the rules and laws that were meant to protect foster children from the types of harm alleged in this Complaint.  More specifically:

(a)     DHS, through Red Rock Management, unlawfully placed S.S. in a restraint or involuntary seclusion in violation of ORS 418.523.

(b)     DHS failed to have face-to-face visits with S.S. every thirty days as required by OAR 413-080-0054.

(c)     DHS failed to monitor the out-of-home ongoing safety plan by having face-to-face contact with S.S. as required by OAR 413-080-0059.

COMPLAINT – Page 22

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 22 of 35

Verified Correct Copy of Original 5/22/2026.

(d)     DHS failed to monitor the out-of-home ongoing safety plan by having face-to-face contact with the child's guardians or each safety service provider as required by OAR 413-080-0059.

(e)     DHS failed to respond to the concern in a child-caring agency or proctor foster home by failing to address the concern for the child or young adult as required by OAR 413-080-0052.

(f)     In failing to ensure Red Rock Management used only staff and volunteers who do not jeopardize the health and safety of the children as required by OAR 413-215-0061 and OAR 413-215-0556.

(g)     In failing to ensure Red Rock Management trained the staff and provide an orientation that included discipline and behavior management protocols and when, if ever, restraint and seclusion are permissible. OAR 413-215-0556.

(h)     In failing to ensure Red Rock Management met the minimum staffing patterns as required by OAR 413-215-0561 (1) (2), and (5).

**COUNT 4 NEGLIGENCE *PER SE* AGAINST RED ROCK MANAGEMENT**

78.

Red Rock Management was negligent *per se* for violating the rules and laws that were meant to protect foster children from the types of harm alleged in this Complaint. More specifically:

(a)     Red Rock Management unlawfully placed S.S. in a restraint or involuntary seclusion in violation of ORS 418.523.

(b)     Red Rock Management staffed the group home with personnel that jeopardized the health, safety, or welfare of children, including S.S. OAR 413-215-0061.

COMPLAINT – Page 23

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 23 of 35

Verified Correct Copy of Original 5/22/2026.

(c)    In failing to ensure Red Rock Management trained the staff and provide an orientation that included discipline and behavior management protocols and when, if ever, restraint and seclusion are permissible. OAR 413-215-0556 or OAR 413-215-0656.

(d)    In failing to ensure Red Rock Management met the minimum staffing patterns as required by OAR 413-215-0561 or OAR 413-215-0061.

79.

As a result of DHS and Red Rock Management's combined negligence as articulated in Counts 1-4 above S.S. suffered the non-economic damages, as detailed in paragraphs 2-49, she is seeking a reasonable amount to be assessed by a Jury but not to exceed the amount of $500,000.00 and economic damages for future mental health counseling and vocational counseling at an estimated $50,000.00.

**SECOND CLAIM FOR RELIEF**
**BATTERY**
*(AGAINST RED ROCK MANAGEMENT)*

80.

Plaintiff reincorporates paragraphs 2-72 above.

81.

Red Rock Management's employees and agents were acting in the course and scope of their employment when they needlessly caused harmful or offensive touching of S.S. while S.S. resided at Red Rock as alleged in paragraphs 35, 37, 41, 44, 45, 46, 49, and 61.

82.

As a result of Red Rock Management's battery of S.S., S.S. is entitled to non-economic damages in the amount of $50,000.00 for her fear, embarrassment, pain, humiliation, mental anguish, frustration, and distrust of others.

COMPLAINT – Page 24

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 24 of 35

Verified Correct Copy of Original 5/22/2026.

### THIRD CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST RED ROCK MANAGEMENT)

83.

Plaintiff re-incorporates by reference paragraphs 2-72 above.

84.

Red Rock Management's staff while acting in the course and scope of their employment and while engaging in the acts described in paragraphs 31, 32, 33, 35, 36, 37, 38, 39, 41, 43, 44, 45, 46, 49, 61, 62, and 68, knowingly and intentionally caused severe emotional distress to S.S. when they either: physically restrained her, physically subdued her, locked her in an isolated room or closet, or exposed her to activities that endangered her safety, welfare, or well-being. S.S. did in fact suffer severe emotional distress as a result, and the conduct described in paragraphs 31, 32, 33, 35, 36, 37, 38, 39, 41, 43, 44, 45, 46, 49, 61, 62, and 68 are beyond the bounds of all socially tolerable conduct.

85.

As a result of Red Rock Management employees' and agents' intentional infliction of emotional distress on S.S., she suffered severe emotional distress, that resulted in, among other things, self-harming behavior and a suicide attempt, the non-economic damages and is seeking a reasonable amount to be assessed by a Jury but not to exceed $50,000.00.

### FOURTH CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## 5th AND/OR 14th AMENDMENT VIOLATION
## OF LIBERTY INTEREST AND DUE PROCESS
### (Against Red Rock Management, Santi, Palm, and Stupak, in their professional capacity)

86.

As applicable, Plaintiff incorporates paragraphs 1-72 above.

87.

COMPLAINT – Page 25

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 25 of 35

Verified Correct Copy of Original 5/22/2026.

Under the Fifth and Fourteenth Amendments of the U.S. Constitution, S.S. has the right to equal protection, due process of law, and a liberty interest, including the right to be protected from suspected or physical abuse and the right to bodily integrity and physical safety while in the custody of the State of Oregon.

88.

Defendants Red Rock Management, Santi, Palm, and Stupak in their professional capacity were acting under the color of Oregon Law and had a special relationship with S.S. as she was in the legal custody of the State of Oregon who contracted with Red Rock Management who was acting on behalf of the State of Oregon to provide for her safety and well-being.

89.

As described in the paragraphs above, in violation of the Fifth and Fourteenth Amendment of the United States Constitution Red Rock Management's agents:

a) Had no lawful or constitutional basis for the use of physical abuse, physical restraints, and isolation as described in this Complaint.

b) Had no lawful or constitutional basis to subject S.S. to extreme, excessive, and potentially deadly physical force resulting in bruises.

c) Had no lawful or constitutional basis to subject S.S. to extreme, excessive, and unnecessary solitary confinement.

d) Had no lawful or constitutional basis to inflict corporal punishment on S.S. for engaging in self-harming behavior.

90.

As described above and at least in part, one or more of Red Rock Management's and the

COMPLAINT – Page 26

_Verified Correct Copy of Original 5/22/2026._

State of Oregon's well-established policies, official practices, and/or their acts, described above, caused, or otherwise was a driving force to make them liable for, the violation of S.S.'s right not to be subjected to violations of his rights under the Fifth and Fourteenth Amendment to the United States Constitution.

91.

The ratification of the conduct of Red Rock Management and the State of Oregon's agents described above makes Defendants Red Rock Management, Santi, Palm, and Stupak, liable for Red Rock's agents' unconstitutional actions.

92.

As a result of the above conduct in this claim for relief, S.S. is entitled to an award of economic and non-economic damages against Defendant Red Rock Management, Santi, Palm, and Stupak in the amount of $200,000.00 and $50,000.00 for future mental health counseling.

93.

Pursuant to 42 USC § 1988, S.S. should be awarded her attorney fees and litigation expenses/costs against all Defendants named in this claim.

### FIFTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### UNCONSTITUTIONAL/ILLEGAL CUSTOM, POLICY, OR PROCEDURE
### *(Against Red Rock Management, Jones, Marshall, and McLellan in their Professional Capacity)*

94.

As applicable, Plaintiff incorporates the above paragraphs 2-72 and 92.

95.

Red Rock Management and the State of Oregon through Defendant Jones, Marshall, and McLellan had a policy, custom or procedure which allowed Red Rock employees and agents

COMPLAINT – Page 27

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 27 of 35

Verified Correct Copy of Original 5/22/2026.

and State of Oregon employees to fail to meet minimal standards and policies for providing for the safety and welfare of children in the state of Oregon's legal custody as described in this Complaint. This policy resulted in foster children, including S.S., to be sent to St. George Utah where Jones, Marshall, and McLellan knew that the children could not be tracked and the abuse and mistreatment of the children, including S.S., would go undetected because of the policy of not having Oregon DHS caseworkers physically visit the sites or caseworkers having face-to-face visits with the foster children including S.S. This is further evidenced by failure to immediately remove S.S. from Red Rock after learning that other states had concerns regarding the safety of foster children housed in facilities operated by Red Rock Management and corresponding with Red Rock Management to assist Red Rock Management in maintaining a positive public image regarding its care of S.S. and Oregon foster children. These policies also permitted Red Rock Management to subject S.S. to physical and emotional abuse, unlawful physical restraint, and isolation of S.S. without fear of discovery or repercussions from the State of Oregon.

96.

This policy also included Defendant Marshall assisting Red Rock Management in covering up concerns regarding the safety and well-being of Oregon's foster children at Red Rock, including S.S., once it was discovered that other states felt Red Rock was unsafe, and that a riot had occurred on the property.

97.

The State of Oregon through Jones, McLellan, and Marshall had specific knowledge of the policy, custom or procedure of unlawfully warehousing Oregon's foster children at Red Rock when they were aware Red Rock Management could not provide for the children's safety

COMPLAINT – Page 28

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 28 of 35

Verified Correct Copy of Original 5/22/2026._

and general wellbeing and that children in Red Rock Management's care were subjected to physical and emotional abuse. Jones, McLellan, and Marshall also assisted in attempting to dampen concerns about the safety and wellbeing of Oregon's foster children, including S.S., at Red Rock by communicating with Red Rock Management to control information that was provided to investigative entities and/or the press.

98.

As a result of the unofficial policies, customs or procedures described above, S.S. was subjected to physical and emotional abuse, unlawful restraint and isolation, unnecessary mental suffering, and mental and emotional injury all in violation of the Fifth and Fourteenth Amendment.

99.

As a result of the above conduct in this claim for relief, S.S. is entitled to an award of economic and non-economic damages against Defendants State of Oregon through Jones, McLellan, and Marshall as alleged in paragraph 92.

100.

Pursuant to 42 USC § 1988, S.S. should be awarded her attorney fees and litigation expenses/costs against all Defendants named in this claim.

### SIXTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### SUPERVISOR LIABILITY
### CIVIL RIGHTS CLAIM – 5th AND/OR 14th AMENDMENTS
*(Against Santi, Palm, and Stupak in their Individual Capacity)*

101.

Plaintiff realleges and incorporates, as though fully set forth herein, all previous paragraphs above.

COMPLAINT – Page 29

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 29 of 35

Verified Correct Copy of Original 5/22/2026.

102.

Defendants Santi, Palm, and Stupak ("Defendant Supervisors") were supervisors of Red Rock employees at the time of the events alleged herein. The Defendant supervisors oversaw the operations of Red Rock and had a duty to ensure subordinate staff followed all applicable policies, protocols, rules, childcare standards, and legal parameters, as well as a duty to change or update policies when changes were necessary. The Defendant supervisors failed to adequately and constitutionally train and supervise the subordinate staff. As a result of the failure to supervise, the supervisory Defendants are individually liable and were deliberately indifferent to S.S.'s liberty interest, and her right to safety and well-being while in the care of the State of Oregon, and other rights under the Fifth, and/or Fourteenth Amendments of the United States Constitution in one or more of the following particulars:

a) Failing to ensure employees of Red Rock had proper training in deescalating conflict with the minor students.

b) Failing to ensure employees of Red Rock had proper training to not expose the minor children to narcotics and alcohol use, sexual interactions at the campus, and violence.

c) Failing to ensure employees of the Red Rock exercised proper physical restraint techniques.

d) Failing to ensure employees of the Red Rock documented physical restraint each time it was utilized.

e) Failing to address minor's complaints of physical and emotional abuse from staff and exposing minors to drug use and sexual situations.

f) Failing to address minor's acute mental health concerns in a professional manner

COMPLAINT – Page 30

Verified Correct Copy of Original 5/22/2026.

resulting in self-harming behavior.

g)    Inflicting corporal punishment on S.S. in response to her self-harming behavior.

103.

As noted in the above paragraphs, Defendants Santi, Palm, and Stupak set in motion Red Rock Management's employees and agents series of acts that they knew or should have known, violated Plaintiff's Fifth and Fourteenth Amendment rights as noted in this claim for relief.

104.

As a direct result of the actions and inactions of Supervisory Defendants as set forth in above, S.S. endured and suffered physical injury and severe mental and emotional distress. S.S. seeks non-economic damages in compensatory damages in whatever amount the jury concludes is appropriate, not to exceed $200,000 in noneconomic damages and $50,000 for economic damages for future medical expenses..

105.

Pursuant to 42 USC § 1988, S.S. should be awarded her attorney fees and litigation expenses/costs against all Defendants named in this claim.

**SEVENTH CLAIM FOR RELIEF**
**STATE CREATED DANGER**
**CIVIL RIGHTS CLAIM – 5th AND/OR 14th AMENDMENTS**
*(Against, Jones, Marshall, and McLellan in their Individual Capacity)*

106.

As applicable, Plaintiff incorporates the above paragraphs 2-72.

107.

Defendants Jones, Marshall, and McLellan had a special relationship with S.S. as alleged in paragraph 28.

COMPLAINT – Page 31

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 31 of 35

108.

As alleged in paragraphs, 42, 47, 50 ,51, 52, and 58-60, Defendants Jones, Marshall, and McLellan were aware that the situation at Red Rock School and Red Rock Management's failures posed a danger to Oregon's foster children, including S.S. Defendants Jones, Marshall, and McLellan are individually liable and were deliberately indifferent to S.S.'s liberty interest, and her right to safety and well-being while in the care of the State of Oregon, and other rights under the Fifth, and/or Fourteenth Amendments of the United States Constitution because they:

a) Affirmatively placed and continued to place S.S. into a dangerous situation by placing her in an out-of-state residence with violent and substance addicted youth, and untrained staff who regularly subjected S.S. to pain restraints, isolation, and exposed her to Red Rock employees who were having physical relationships with minors and were unlawfully providing prescription medications to her and other minors.

b) Were deliberately indifferent to the obvious danger and were aware they had no ability to adequately monitor S.S.'s safety, welfare, and general wellbeing at Red Rock despite her being placed in a dangerous situation as fully described in paragraphs above and as described in this complaint they took steps to conceal the dangers that Red Rock Management and Red Rock School posed to S.S.

119.

Plaintiff being physically and emotionally abused as described in this Complaint was foreseeable because of Defendants Jones, Marshall, and McLellan knowingly placing and keeping S.S. in the dangerous Red Rock School.

120.

COMPLAINT – Page 32

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 32 of 35

Verified Correct Copy of Original 5/22/2026.

Verified Correct Copy of Original 5/22/2026.

As a direct result of the actions and inactions of Defendants as set forth in paragraphs above, S.S. endured and suffered physical injury and severe mental and emotional distress. S.S. seeks non-economic damages in compensatory damages in whatever amount the jury concludes is appropriate, not to exceed $200,000 in non-economic damages and $50,000 in economic damages.

121.

Pursuant to 42 USC § 1988, S.S. should be awarded her attorney fees and litigation expenses/costs against all Defendants named in this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff S.S. prays for judgment against Defendants as follows:

I.  **On Count I-IV of Plaintiff's First Claim for Negligence:**

    (a) Economic damages in a reasonable amount to be determined by the jury, but not to exceed $50,000.

    (b) Non-economic damages in the amount of $500,000.

    (c) Costs and disbursements incurred herein.

II.  **On the Second Claim for Battery:**

    (a) Economic damages in a reasonable amount to be determined by the jury, but not to exceed $50,000.

    (b) Non-economic damages in the amount of $50,000.

    (c) Costs and disbursements incurred herein.

III.  **On the Third Claim for Intentional Infliction of Emotional Distress:**

    (a) Economic damages in a reasonable amount to be determined by the jury, but not to exceed $50,000.

    (b) Non-economic damages in the amount of $250,000.

COMPLAINT – Page 33

(c) Costs and disbursements incurred herein.

IV. **On the Fourth Claim for Relief for Fifth and Fourteenth Amendment Violations:**

    (a) Economic damages in a reasonable amount to be determined by the jury, but not to exceed $50,000.00.

    (b) Non-economic damages in the amount of $250,000.00.

    (c) Reasonable attorney fees pursuant to 42 USC § 1988.

    (d) Costs and disbursements incurred herein.

V. **On the Fifth Claim for Fifth and Fourteenth Amendment Violations:**

    (a) Economic damages in a reasonable amount to be determined by the jury, but not to exceed $50,000.00.

    (b) Non-economic damages in the amount of $250,000.00.

    (c) Reasonable attorney fees pursuant to 42 USC § 1988.

    (d) Costs and disbursements incurred herein.

VI. **On the Sixth Claim for Fifth and Fourteenth Amendment Violations:**

    (a) Economic damages in a reasonable amount to be determined by the jury, but not to exceed $50,000.00.

    (b) Non-economic damages in the amount of $250,000.00.

    (c) Reasonable attorney fees pursuant to 42 USC § 1988.

    (d) Costs and disbursements incurred herein.

VII. **On the Seventh Claims for Fifth and Fourteenth Amendment Violations:**

    (a) Economic damages in a reasonable amount to be determined by the jury, but not to exceed $50,000.00.

    (b) Non-economic damages in the amount of $250,000.00.

    (c) Reasonable attorney fees pursuant to 42 USC § 1988.

    (d) Costs and disbursements incurred herein.

COMPLAINT – Page 34

Verified Correct Copy of Original 5/22/2026.

Dated this 21st day of May, 2026.

ROSS LAW LLC

By: _____
JEREMIAH ROSS, OSB 105980
Trial Attorney for Plaintiff
ross@rosslawllc.com

**DEMAND FOR JURY TRIAL**

COMPLAINT – Page 35

ROSS LAW LLC
50 SW PINE ST #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

Exhibit 1 Page 35 of 35